UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE HOTEL EMPLOYEES AND
RESTAURANT EMPLOYEES INTERNATIONAL
UNION WELFARE FUND and TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,

**REQUEST TO ENTER DEFAULT**

Civil Action No. 08 Civ. 5380

Plaintiffs,

-against-

IL NIDO RESTAURANT CORPORATION d/b/a IL
NIDO RESTAURANT,

Defendant.
------------------------------------------------------------------------X

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, please enter the default of Defendants Il Nido Restaurant Corporation d/b/a Il Nido Restaurant, for their failure to plead or otherwise respond to the Complaint in the above captioned action, as fully appears from the court file herein and from the attached Declaration of Owen M. Rumelt dated August 21, 2008.

Dated: August 21, 2008
      New York, New York

LEVY RATNER, P.C.

By:    /s/ Owen M .Rumelt
     Owen M. Rumelt (OR3837)
     Attorneys for Plaintiffs
     80 Eighth Avenue
     New York, New York 10011
     (212) 627-8100
     (212) 627-8182 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE HOTEL EMPLOYEES AND
RESTAURANT EMPLOYEES INTERNATIONAL
UNION WELFARE FUND and TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,

                                                  Plaintiffs,

                    -against-

IL NIDO RESTAURANT CORPORATION d/b/a IL
NIDO RESTAURANT,

                                                  Defendant.
------------------------------------------------------------------------X

**DECLARATION OF
OWEN M. RUMELT**

Civil Action No. 08 Civ. 5380

1.   I am a member of Levy Ratner, P.C., counsel for Plaintiffs, Trustees of the Hotel Employees and Restaurant Employees International Union Welfare Fund and Trustees of the UNITE HERE National Retirement Fund (the "Fund") and am duly licensed to practice before the courts of the State of New York and the United States District Court for the Southern District of New York.  I make this declaration in support of Plaintiffs' Request to Enter Default.

2.   The above-captioned matter was commenced by filing the Complaint on June 12, 2008. On June 13, 2008, Defendant Il Nido Restaurant Corporation d/b/a Il Nido Restaurant ("Il Nido Restaurant") was sent a Notice of Lawsuit and Request for Waiver of Service of Summons, together with a copy of the Complaint.  On or about July 7, 2008, Defendant signed and returned to this office an original Waiver of Service of Summons, a copy of which is annexed hereto as Exhibit "A."

3.   Defendant Il Nido Restaurant has failed to serve any response to the Complaint.

4. The Defendant against whom default is sought is not an infant, in the military, or incompetent.

5. I declare under penalty of perjury that the foregoing is true and correct, except as to those matters I believe to be true and correct upon information and belief and then I believe them to be true.

Dated: August 21, 2008
       New York, New York

                             LEVY RATNER, P.C.

                             /s/ Owen M. Rumelt
By:   Owen M. Rumelt (OR3837)
       Attorneys for Plaintiffs
       80 Eighth Avenue
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)

# EXHIBIT A

# *IL NIDO*

RISTORANTE ITALIAN

251 East 53rd Street
New York City, NY 10022
212 – 753 – 8450

July 07, 2008

Levy Ratner, P.C.
80 – 8th Avenue, 8th Floor
New York, NY 10011

Dear Mr. Ratner:                    Re: Case number 08 Cv. 5380 (WHP)


Enclosed please find a signed copy of the Waiver of Service of Summons for the above referenced case.

Thank you for the time and consideration given to Il Nido Restaurant Corporation in this action.

Yours truly,

Adi A. Giovannetti,
President

encl. 1.

# WAIVER OF SERVICE OF SUMMONS

TO:   Levy Ratner, P.C.
      80 8th Avenue, 8th Floor
      New York, NY 10011

I acknowledge receipt of your request that Il Nido Restaurant Corporation d/b/a Il Nido (or its representative) ("Il Nido") waive service of a summons in the action captioned Trustees of the Hotel Employees and Restaurant Employees International Union Welfare Fund, *et al.* v. Il Nido Restaurant Corporation d/b/a Il Nido which is case number 08 Cv. 5380 (WHP) in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Action be served with judicial process in the manner provided by Rule 4.

Il Nido will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Il Nido if an answer or motion under Rule 12 is not served upon you within 60 days after June 13, 2008.

_____7/7/08_____                    _____[signature]_____
Date                                     Signature

                                         __ABI A. GIOVANNETTI__
                                         Print/Type Name

                                         As __Pres.__
                                         of Il Nido Restaurant Corporation

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cots of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

{08012727}